## B. & O. RD. CO. v. KASKY.

Ohio Appeals, 9th Dist., Lorain Co.

No. 456. Decided June 15, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**301. CONTRIBUTORY NEGLIGENCE—991. Railroads.**

Evidence that plaintiff, after starting to pass in front of street car, did not again look in direction from which train of railroad company was approaching, held not to prove contributory negligence as a matter of law.

Error to Common Pleas.

Judgment affirmed.

H. C. Johnson, Elyria, for Railroad Co.

Fauver & Fauver and Deutsch & Diloren, Elyria, for Kasky.

FULL TEXT.

PER CURIAM:

In this case the railroad company seeks to reverse the judgment of the Common Pleas Court of Lorain county against it and in favor of Miss Kasky for $8,000, the jury having returned a verdict for $12,500 and the same having been reduced by the trial judge to the amount stated.

This matter was before this court once before, and in that case the trial judge, at the conclusion of the evidence on behalf of Miss Kasky, directed a verdict against her on the ground that she was guilty of contributory negligence as a matter of law. That judgment was reversed by this court, and the opinion rendered at that time is published in 23 O. App. 185, and it is not necessary again to refer in detail to the facts and circumstances involved.

In the case now under review, no complaint is made of the charge of the court, but it is again urged that the trial court should have directed a verdict against Miss Kasky at the close of the evidence in her behalf, on the ground that she was guilty of contributory negligence as a matter of law.

We find no substantial difference between the evidence introduced on behalf of Miss Kasky in this case and in the former case, and we therefore adhere to our former ruling to the effect that upon the evidence introduced in her behalf she was not guilty of contributory negligence as a matter of law.

In the case now under review we have in the record the evidence offered on behalf of the railroad company, and it is strenuously urged in its behalf that upon the whole record Miss Kasky should be declared to be guilty of contributory negligence as a matter of law, and that at least the finding of the jury that she was not guilty of contributory negligence is manifestly against the weight of the evidence, and also that the finding of the jury that the railroad company was guilty of any negligence is manifestly against the weight of the evidence.

There is a sharp conflict in the evidence as to most all of the material facts—the one important fact about which there is no conflict in the evidence being that, after starting to pass in front of the street car, Miss Kasky did not again look in the direction from which the train of the railroad company was approaching.

After a careful consideration of the record, we are unable to reach the conclusion that under all the circumstances disclosed by the whole record, Miss Kasky was guilty of contributory negligence as a matter of law; and we are also of the opinion, considering the whole record, that the finding of the jury that she was not guilty of contributory negligence and that the railroad company was negligent, is not manifestly against the weight of the evidence.

Another error urged is in reference to the action of the court in permitting a slight amendment to be made to the amended petition during the trial, and in not holding that there were inconsistent claims made in the amended petition upon which the case was tried—both before and after the amendment which was permitted.

We find no prejudicial error in reference to said matters, as the doctrine of last clear chance was not plead and was never claimed by counsel for Miss Kasky, nor was the case tried on the theory that such doctrine was involved in the case.

It is also urged that the amount of the judgment is excessive.

The railroad company offered no evidence upon the subject of the extent of the injuries, and the case was submitted as to that question upon the evidence of Miss Kasky and the witnesses in her behalf, including two physicians; and in view of the evidence as to the extent of the injuries, we do not find that the judgment is excessive.

Finding no prejudicial error in the record, the judgment is affirmed.

(Washburn, PJ., Funk, J., and Pardee, J., concur.)